Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| COOPERATIVA DE AHORRO Y CRÉDITO DE MANATÍ, INC.<br><br>DEMANDANTES<br><br>v.<br><br>PAOLA N. REYMUNDÍ VEGA, AXEL ORTIZ WEIR, SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR PAOLA N. REYMUNDÍ Y AXEL ORTIZ WEIR Y OTROS<br><br>RECURRIDOS<br><br>EVERTEC GROUP, LLC<br><br>PETICIONARIA | KLCE202400860 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. MT2022CV00900<br><br>Sobre: Incumplimiento de Contrato; Fraude, Daños Contractuales |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

### I.

El 8 de agosto de 2024, Evertec Group LLC (Evertec o parte peticionaria) presentó una *Petición de Certiorari* en la que nos solicitó que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro recurrido) el 8 de julio de 2024, notificada y archivada digitalmente en autos al día siguiente.[1] En el dictamen, el TPI declaró No Ha Lugar una *Moción de desestimación* promovida por la parte peticionaria en la que solicitó que se desestimara una *Demanda contra tercero* presentada en su contra por la señora Paola N. Reymundí Vega y el señor Axel

---

[1] Apéndice de la *Petición de Certiorari*, págs. 182-183.

Ortiz Weir (en conjunto, recurridos) dentro de una *Demanda* instada, a su vez, en contra de estos últimos por la Cooperativa de Ahorro y Crédito de Manatí, Inc. (Cooperativa) por incumplimiento de contrato, fraude y daños contractuales.

Junto a la *Petición de Certiorari*, la parte peticionaria incluyó una *Moción en auxilio de jurisdicción* en la que solicitó que se paralizaran los procedimientos ante el foro recurrido, toda vez que forzar a Evertec a continuar en el pleito, sin alegación alguna que le involucre, le causaría daño irreparable. A su vez, adujo que la paralización no le causaría daños a los recurridos porque la acción contra la parte peticionaria se encuentra en una etapa inicial.

El 8 de agosto de 2024, un panel especial de este Tribunal emitió una *Resolución* en la que declaró No Ha Lugar la solicitud de orden en auxilio de jurisdicción y le concedió a los recurridos un término de diez (10) días para exponer sus razones por las que no se debería expedir el auto solicitado y revocar el dictamen recurrido.

El 19 de agosto de 2024, los recurridos radicaron una *Moción solicitando término adicional* en la que solicitaron la extensión del término provisto para mostrar causa y exponer las razones por las cuales no se debía expedir el auto de *certiorari*.

El 21 de agosto de 2024, emitimos una *Resolución* en la que le concedimos a los recurridos un término final hasta el 27 de agosto de 2024 para exponer su posición sobre los méritos del recurso.

El 27 de agosto de 2024, los recurridos presentaron un *Alegato en oposición a solicitud de certiorari* en el que solicitaron que deneguemos la expedición del *Certiorari* o, en la alternativa, que confirmemos la *Resolución* recurrida.

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales más relevantes a la atención del presente caso.

## II.

El caso de marras tiene su génesis el 12 de diciembre de 2022 cuando la Cooperativa presentó una *Demanda* sobre incumplimiento de contrato, fraude y daños contractuales en contra de la señora Paola N. Reymundí Vega (señora Reymundí Vega), el señor Axel Ortiz Weir (señor Ortiz Weir) y la Sociedad Legal de Gananciales, compuesta por ambos, aquí recurridos.[2] Según la reclamación, la señora Reymundí Vega, quien operaba un negocio en Vega Alta, y el señor Ortiz Weir se valieron de un error técnico en los dispositivos de punto de venta – utilizados para cobrarle a clientes con tarjetas de crédito o débito – para realizar transacciones ficticias y así apropiarse de $1,318,727.16. A su vez, alegó que, luego de descubrir el error, Evertec, compañía proveedora de los dispositivos, reembolsó $723,699.91 a la Cooperativa. Por esa razón, planteó que a los recurridos les correspondía satisfacer la pérdida no reembolsada de $595,027.25.

Luego de múltiples trámites procesales, el 19 de octubre de 2023, los recurridos radicaron una *Contestación a la demanda y Demanda contra tercero* en la que, además de negar los hechos materiales de la *Demanda,* formularon su propia reclamación en contra de Evertec.[3] En ella, argumentaron que la parte peticionaria era responsable por las pérdidas económicas reclamadas por la Cooperativa debido al error técnico en los dispositivos de punto de venta. En lo pertinente, realizaron las siguientes alegaciones:

> 1. La parte Demandada y Demandante contra Tercero la compone la PAOLA NICHOL [sic] EREYMUENID [sic] VEGA y AXEL ORTIZ WEIR, quienes son mayores de edad, solteros y vecinos de Vega Baja, Puerto Rico.
>
> 2. Por información y creencia, la tercera demandada, EVERTEC GROUP, LLC h/n/c EVERTEC (en adelante Evertec), es una compañía de responsabilidad limitada creada y autorizada a realizar negocios en Puerto Rico bajo la Ley General de Corporaciones de Puerto Rico. Siendo esta misma entidad jurídica su Agente Residente. Su dirección

---

[2] Íd., págs. 001-006.
[3] Íd., págs. 029-033.

postal es: P.O. Box 3645527, San Juan, Puerto Rico 00936-4527. Su dirección física es: Carretera 176, Km. 1.3, Cupey, Puerto Rico. Su número teléfono es: 787-759-9999.

3. Que la codemandada Paola N. Reymundi Vega era la dueña de un negocio de venta de bizcochos y dulces ubicado en el Centro Gran Caribe en Vega Alta, Puerto Rico. Dicho negocio se conocía como Sweet Pao's Cake.

4. Que el 24 de agosto del 2017, la codemandada Paola N. Reymundi Vega y la demandante Cooperativa de Ahorro y Crédito de Manatí (en adelante Coop. Manatí), suscribieron varios acuerdos por escrito para el manejo de los fondos del negocio incluyendo un terminal "Point of Sale" (POS) para procesar transacciones electrónicas.

5. El terminal POS instalado en el negocio de la codemandada, es propiedad de EVERTEC.

6. Que fue la compañía EVERTEC la que instaló, configuró y programó el "software" de todo el sistema de dicho terminal en el negocio de la codemandada.

7. Que fue la compañía EVERTEC la que adiestró a la codemandada sobre el uso y funcionamiento del terminal POS.

8. Que transcurridos varios años le fue informado a la codemandada, Paola N. Reymundi Vega por la Demandante Coop. Manatí, que ellos habían cometió un error relacionado al dispositivo de punto de venta utilizado en el negocio de la codemandada.

9. Que posteriormente le indicaron que el error en las transacciones fue cometido por EVERTEC.

10. Que estas transacciones rechazadas y no satisfechas por EVERTEC, debieron ser reportados en un documento conocido como Reporte de Transacciones Rechazadas el [que] nunca ha sido provisto a la parte Codemandada.

11. Que fue informado a la codemandada Paoa N. Reymundi Vega por la Demandante Coop. Manatí mediante la presente demanda, que por el error en la configuración del dispositivo, EVERTEC no le reembolsó a la demandante Coop. Manatí la suma de $1,318,727.16.

12. Que fue informado a la codemandada Paoa N. Reymundi Vega por la Demandante Coop. Manatí mediante la presente demanda, que luego de una investigación interna le fue reembolsado la suma de $723,699.91 por EVERTEC y no la suma total de $1,318,727.16.

13. Interesados en recobrar la suma no reembolsada por EVERTEC, la Demandante reclama un alegado patrón de compras simuladas por parte de los codemandados y terceros que no menciona por sus nombres, y reclama que sean estos quienes le restituyan la suma no reembolsada por EVERTEC.

14. Que la causa única y directa de la p[é]rdida alegada por la parte Demanda[da] es atribuible al error en la programación cometido por EVERTEC.

15. Que es [sic] EVERTEC nunca ha provisto de algún informe sobre transacciones rechazadas o no cubiertas,

durante el tiempo que la codemandada Paola N. Reymundi Vega utilizó el terminal POS.

16. Que es el tercero demandado EVERTEC, la parte que debe responder en todo o en gran parte por las alegadas p[é]rdidas de la parte Demandante Coop. Manatí y los gastos relacionados a este pleito.

17. Que esta situación le ha causado y continúa causándole a la parte Codemandada, angustias y sufrimientos mentales al verse envueltos en la presente reclamación.

18. [...]

Por todo ello, solicitaron que se condenara a Evertec a satisfacer las pérdidas reclamadas por la Cooperativa, más una suma no menor de $50,000.00 para cada uno de los recurridos por los sufrimientos y angustias mentales que alegadamente padecieron producto de su negligencia.

Posteriormente, el 14 de diciembre de 2023, la Cooperativa presentó una *Demanda Enmendada*.[4] En esta ocasión, añadió como demandante a Hojalatería y Pintura Waxel Corp., una corporación registrada por los recurridos, e incluyó entre sus alegaciones que estos utilizaron dicha compañía para esconder dinero que podría vincularse a las acciones dolosas que se imputaron en la reclamación, todo ello en fraude de acreedores.

El 14 de diciembre de 2023, el TPI emitió una *Orden* en la que permitió la presentación de la *Demanda enmendada* y calendarizó la expedición del emplazamiento a la nueva parte demandada.[5]

El 2 de abril de 2024, los recurridos radicaron una *Contestación a la Demanda Enmendada* en la que negaron los hechos materiales de la reclamación.[6]

El 5 de abril de 2024, Hojalatería y Pintura Waxel Corp presentó su *Contestación a Demanda Enmendada* en la que, además de negar los hechos materiales dirigidos en su contra, afirmó que era una entidad independiente sin relación a los hechos por los que

---

[4] Íd., págs. 062-069.
[5] Íd., pág. 070.
[6] Íd., págs. 071-073.

se demandó.[7] En consecuencia, solicitó que se desestimara la *Demanda enmendada* en cuanto a ella por tratarse de un intento de congelar o identificar bienes para garantizar el cobro de la reclamación, cuyo alegado fraude no estaba vinculado a los actos de la corporación.

El 10 de mayo de 2024, Evertec radicó una *Moción de desestimación* en la que solicitó que la *Demanda contra tercero* fuera desestimada con perjuicio.[8] A su entender, no existía una reclamación vigente en su contra porque los recurridos no reanudaron la *Demanda contra tercero* en su *Contestación a la Demanda Enmendada.*

Además, argumentó que, de todas formas, la *Demanda contra tercero* no incluyó alegaciones que responsabilizaran a Evertec por los actos fraudulentos de los recurridos. Sobre esto, argumentó que las alegaciones no fueron específicas; no adujeron que entre Evertec y los recurridos existiera una relación contractual; y no esbozaron cómo los actos de la parte peticionaria resultaron en las transacciones fraudulentas, centrales en este caso.

En la alternativa, arguyó que, incluso tomando como cierta la imputación de error técnico a Evertec, este no fue la causa próxima o directa de la pérdida económica sufrida por la Cooperativa. Por ello, razonó que, aun dando por ciertas las alegaciones en su contra, tampoco procedería imponerle responsabilidad a la parte peticionaria.

El 26 de junio de 2024, los recurridos presentaron una *Moción en oposición a solicitud de desestimación presentada por el tercero demandado Evertec Group, LLC* en la que solicitaron al TPI que declarara No Ha Lugar la desestimación y, así, mantuviera vigente

---

[7] Íd., págs. 074-078.
[8] Íd., págs. 082-090.

la *Demanda contra tercero*.[9] En ella, plantearon que una Demanda contra tercero no está atada a la Contestación a la demanda, puesto que la Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 12.1, permite que esta se presente con permiso del tribunal, una vez hayan expirado los treinta (30) días posteriores a la presentación de la Contestación a la demanda. Sobre la suficiencia de las alegaciones, argumentaron que la reclamación contra Evertec debía proceder en esta etapa porque existía la probabilidad de responsabilidad por las sumas incluidas en la *Demanda Enmendada*, ya sea por incumplimiento contractual, o por actos culposos o negligentes de la parte peticionaria.

El 8 de julio de 2024, el TPI emitió la *Resolución* recurrida en la que declaró No Ha Lugar la *Moción de desestimación* promovida por Evertec.[10] A esos efectos, resolvió:

> No Ha Lugar la Moción de desestimación presentada por la tercera demandada Evertec Group, LLC. La Regla 5.1 de las de Procedimiento Civil establece la Demanda de Tercero como una de las alegaciones permitidas en un procedimiento. Como alegación permitida, es una distinta a la contestación a la demanda.
>
> Interpretada la demanda de tercero de la forma más liberal posible a favor de la parte Demandada / Demandante de Tercero, la misma expone hechos suficientes para la concesión de un remedio. Aut. Tierras v. Moreno & Ruiz Dev. Corp., 174 D.P.R. 409 (2008).[11]

A nivel del foro recurrido, a petición[12] de Evertec, el TPI extendió el término para contestar la *Demanda contra tercero*.[13] Posterior a la radicación de la presente *Petición de Certorari*, la parte peticionaria cumplió oportunamente con dicho plazo al radicar su *Contestación a Demanda contra Tercero* en la que negó las alegaciones materiales de la reclamación en su contra.[14]

---

[9] Íd., págs. 161-171.
[10] Íd., págs. 182-183. Notificada y archivada digitalmente en autos el 9 de julio de 2024.
[11] Íd.
[12] Íd., págs. 192-193.
[13] Íd., pág. 194.
[14] Entrada Núm. 136 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Inconforme, el 8 de agosto de 2024, Evertec radicó ante nos el recurso de epígrafe en el que le imputó al TPI la comisión de los siguientes errores:

A. Erró el TPI al declarar No Ha Lugar la *Moción de desestimación* de Evertec sin tomar en consideración ni decidir si una demanda contra tercero sobrevive luego de que se presenta una demanda enmendada en un caso en el cual no se reanuda la demanda contra tercero.

B. Erró el TPI al declarar No Ha Lugar la *Moción de desestimación* de Evertec a base de que alegadamente la *Demanda contra tercero* expone hechos suficientes para la concesión de un remedio, sin considerar los criterios que regulan las demandas contra tercero.

C. Erró el TPI al no tomar en consideración para desestimar la *Demanda contra tercero* bajo el estándar de la Regla 10.2(5) de Procedimiento Civil que los alegados actos cometidos por Evertec no son la causa próxima o directa de la pérdida económica de la Cooperativa.

Es su contención que se configuran todos los elementos necesarios para la expedición del *certiorari*. Entretanto, en los méritos, plantea que no existía una reclamación en su contra después de que la Cooperativa enmendó su demanda y los recurridos no renovaron su *Demanda contra tercero* en su *Contestación a Demanda Enmendada*. Asimismo, argumenta que las alegaciones de la *Demanda contra tercero* no cumplen con los requisitos de las Reglas de Procedimiento Civil, *supra*, respecto a las alegaciones contra tercero y, siendo generales y conclusorias, no permiten transferirle responsabilidad a Evertec por sus propios actos fraudulentos que no involucraron a la parte peticionaria. Igualmente, arguye que, en todo caso, los actos que los recurridos le imputan a Evertec – error en la validación de ventas y falta de notificación de las transacciones rechazadas – no son la causa próxima o directa de los daños reclamados por la Cooperativa. Además, señala que Evertec fue emplazada con copia de la *Demanda* original, pese a que la *Demanda Enmendada* había sido presentada casi tres (3) meses antes.

El 27 de agosto de 2024, los recurridos radicaron un *Alegato en oposición a solicitud de certiorari* en el que argumentan que no

procedía la expedición del auto solicitado por no configurarse los requisitos estatuidos para la intervención discrecional de esta Curia. Además, esbozan que no procede revocar la *Resolución* recurrida porque: (1) la Demanda contra tercero no está atada a la Contestación a la Demanda; (2) los casos citados por la parte peticionaria versan sobre el efecto de la Demanda Enmendada sobre la Demanda original y no establecen que la primera anule la validez de una Demanda contra tercero; (3) por el contrario, se ha reconocido la independencia de la Demanda contra tercero cuando se ha establecido una controversia real entre el demandante original y el tercero demandado; (4) las alegaciones contenidas en la *Demanda contra tercero* detallan una relación entre Evertec, la Cooperativa y los dispositivos de venta envueltos en los hechos alegados por la *Demanda Enmendada*; (5) si los actos señalados en contra de la parte peticionaria son la causa próxima o adecuada de los daños reclamados por la Cooperativa es, precisamente, una controversia real y sustancial que deberá ser adjudicada en los méritos por el TPI; y (6) lo reclamado por los recurridos constituye una controversia sustancial que también deberá ser evaluada por el foro recurrido.

En adelante, pormenorizamos el derecho aplicable a la *Petición de Certiorari* de epígrafe.

**III.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad

de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1,[15] establece las instancias en las que le foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corp., et al.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorar*i que se trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. Caguas v. JRO Contruction, Inc.***, 201 DPR 703 (2019).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil*, supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40*,* establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.*[16]

---

[15] Esta Regla dispone que:
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

[16] Esta Regla dispone lo siguiente:

**B.**

La Regla 10 de las de Procedimiento Civil, *supra,* R. 10, establece el mecanismo que las partes deben utilizar para presentar sus defensas y objeciones en un pleito. De acuerdo con la Regla 10.2 de Procedimiento Civil, *supra,* R. 10.2, las defensas de hechos o de derecho contra una reclamación deben exponerse en la alegación responsiva. Ahora bien, la citada Regla también enumera varias defensas que, a opción de la parte y excepcionalmente, pueden levantarse mediante una moción al efecto debidamente fundamentada.

De esta forma, el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra,* permite que un demandado solicite al tribunal la desestimación de la demanda presentada en su contra por dejar de exponer una reclamación que justifique la concesión de un remedio.

Al resolverse una moción de desestimación realizada al amparo de este fundamento, el tribunal está llamado a tomar como ciertos todos los hechos que en la demanda fueron bien alegados, aseverados de manera clara y concluyente y que de su faz no den margen a dudas. ***Aut. Tierras v. Moreno & Ruiz Dev. Corp.,*** 174 DPR 409, 428 (2008). Esto es, tiene que dar por ciertas y buenas todas las alegaciones fácticas incluidas en la demanda. ***Colón***

---

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013). Además, dichas alegaciones tienen que interpretarse conjunta, liberal y favorablemente hacia la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, págs. 428-429.

De esta forma, la demanda solo será desestimada si se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquiera de los hechos que pudiera probar. Íd., pág. 429. En esencia, el tribunal tiene que evaluar, a la luz de la interpretación más favorable a la parte demandante y resolviendo toda duda a su favor, si la demanda es suficiente para constituir una reclamación válida. Íd.

En fin, la moción de desestimación por este fundamento debe demostrar "de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor". *Ortiz Matías, et al., v. Mora Development Corp.,* 187 DPR 649, 654 (2013).

## C.

La Regla 12.1 de Procedimiento Civil, *supra*, R. 12.1, autoriza que se presente una demanda contra "una persona que no sea parte en el pleito y que sea o pueda ser responsable a la parte demandada por la totalidad o parte de la reclamación de la parte demandante, o que sea o pueda ser responsable a cualquier parte en el pleito". A esta reclamación se le conoce como una demanda contra tercero. Conforme al texto expreso de la Regla, se puede solicitar la inclusión de un tercero para que le responda directamente al demandado, al demandante o a cualquier otra parte en el pleito.

Mediante la demanda contra tercero se permite que en un mismo pleito se diluciden controversias surgidas de unos mismos hechos y relacionadas entre sí. *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 191 (2016). Así, su propósito es promover la

economía procesal y facilitar la pronta y eficaz resolución de controversias. Íd. De esa forma, nuestro más alto foro ha precisado que este mecanismo no crea, extiende o limita derechos sustantivos, sino que acelera su dilucidación. Íd.; ***Gen. Accid. Ins. Co. P.R. v. Ramos,*** 148 DPR 523, 534 (1999). En aras de lograr esto último, esta Regla debe interpretarse liberalmente. ***Colón Negrón et al. v. Mun. Bayamón,*** 149 DPR 449, 514 (2015); ***Camaleglo v. Dorado Wings, Inc.,*** 118 DPR 20, 28 (1986).

Por otra parte, el mecanismo de la demanda contra tercero no permite la inclusión de cualquier controversia por el solo hecho de tener en común un mismo supuesto fáctico. ***Maldonado Rivera v. Suárez y otros,*** supra, págs. 191-192. En suma, para que se permita la radicación de una demanda contra tercero se requiere que: (1) la reclamación contra el tercero sea contingente al resultado de la demanda original; y (2) exista una relación suficientemente estrecha entre ambas reclamaciones, lo cual se ha identificado como un "entronque común". Íd., pág. 192. Esto, a su vez, debe ser evaluado según las circunstancias particulares de cada caso. Íd. Esa relación, sin embargo, debe ser lo suficientemente estrecha como para no acumular controversias dispares en un mismo pleito por el mero hecho de que tengan alguna relación en común. ***Colón Negrón et al. v. Mun. Bayamón,*** supra, pág. 521.

Por último, ante una moción de desestimación de la demanda contra tercero, los tribunales deben balancear, por un lado, los beneficios de economía procesal derivados de ventilar en un solo pleito todas las controversias que emanan de una misma situación de hechos, ante un juez compenetrado con el caso, *vis a vis* la falta de diligencia y los perjuicios que la tardanza en presentar la demanda contra tercero le pueda ocasionar al demandante o al tercero demandado. ***Camaleglo v. Dorado Wings, Inc.,*** supra, pág. 29. Así, un tribunal puede negarse a permitir la demanda contra

tercero si se convence de que el demandado ha incurrido en una crasa falta de diligencia o que los perjuicios que causaría la demanda contra tercero son insalvables y sobrepasan los beneficios de permitirla, incluso ante posibles medidas cautelares. Íd., págs. 29-30.

De otra parte, debe recordarse que la determinación de si una demanda contra tercero sobrevive no es un ejercicio de lógica abstracta, sino un análisis práctico de los hechos. ***Mercado Figueroa v. Mun. de San Juan,*** 192 DPR 279, 287 (2015). Ese análisis debe tomar en cuenta: (1) los principios que permean las reglas procesales; (2) el interés público de que los pleitos se tramiten de forma justa, rápida y económica; y (3) la política judicial que favorece que los casos se ventilen en sus méritos. Íd., págs. 287-288.

### IV.

En el caso de marras, el TPI rechazó una solicitud de desestimación, resolviendo que la *Demanda contra tercero* es una alegación permitida distinta a la contestación a la demanda y que las alegaciones contenidas en ella exponen hechos suficientes para justificar la concesión de un remedio. En desacuerdo con esa determinación, Evertec argumenta que: (1) la *Demanda contra tercero* no debe subsistir si no se ha renovado tras una enmienda a la demanda original y una contestación a la nueva reclamación; (2) los hechos no son suficientes para sostener la concesión de un remedio; y (3) los actos imputados a Evertec no son la causa próxima o directa de la pérdida económica de la Cooperativa. En apoyo del dictamen, los recurridos plantean que la *Demanda contra tercero* no está atada a la contestación de la demanda y, por ello, no es requerido que sea renovada tras la presentación de una demanda enmendada. Asimismo, arguyen que las alegaciones establecieron una reclamación posible por la relación de Evertec, los dispositivos

de venta que instalaron y configuraron, y los hechos alegados por la Cooperativa; todo lo cual constituye una controversia real y sustancial que deberá ser evaluada en los méritos por el TPI.

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, en correcta práctica adjudicativa apelativa, a la luz de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora y rechazar intervenir con la determinación del TPI. Un examen sosegado del expediente ante nuestra consideración, de la *Resolución* recurrida y los hechos procesales del caso no arroja error que amerite nuestra intervención. Por el contrario, el rechazo a desestimar la *Demanda contra tercero* es cónsono con la normativa aplicable, toda vez que, interpretándose liberalmente, esta incluye una controversia que tiene un entronque común con la reclamación principal en este caso y plantea hechos suficientes para la continuación de su causa, en esta etapa de los procedimientos. Desestimar la reclamación en contra de un tercero porque no se presentó nuevamente tras la radicación de la *Demanda Enmendada* desvirtuaría el ánimo de promover la economía procesal y la pronta resolución de las controversias que permea la Regla 12.1 de Procedimiento Civil, *supra*, y el resto de las Reglas de Procedimiento Civil, *supra*. Más aún, cuando las alegaciones contenidas en ella no se vieron afectadas por la *Demanda Enmendada* e, incluso, mantuvieron su relación con la controversia central de la reclamación. En fin, la actuación del foro primario fue esencialmente correcta en derecho y, por ello, no debemos variar su criterio. Procede denegar la expedición del *certiorari* solicitado.

**V.**

Por los fundamentos pormenorizados, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones